CV 15 - 1452

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GLAS... J

------------------------------------------------------x

REYES, M.J

STEPHEN VINSON,                            :

                     Plaintiff,        :

         - against -               :

THE CITY OF NEW YORK, VICTOR ENG,          :
IGOR BONDARENKO, and "JOHN DOE"            :
# 1 - 3, in Their Individual Capacities and in   :
Their Official Capacities,                 :

                         :

              Defendants     :

------------------------------------------------------x

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Stephen Vinson by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution

of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the

State of New York.

2. Plaintiff Stephen Vinson is a citizen of the United States who, on December 22, 2013,

was the victim of a robbery and was admitted to Lutheran Medical Center for treatment of serious

gunshot wounds, where he was arrested by defendants Victor Eng and "John Doe" on false criminal

charges of Criminal Possession of a Controlled Substance in the 7th Degree and Criminal Trespass

in the 3rd Degree, placed under police custody, handcuffed and shackled to a hospital bed, and

denied or inhibited access to medical treatment until January 3, 2014, when he was transported to

Brooklyn Central Booking, where he was imprisoned until his arraignment later that day, and then

prosecuted by defendants Victor Eng and Igor Bondarenko on a false criminal charge of Criminal Possession of a Controlled Substance in the 7th Degree, which was dismissed on August 5, 2014.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Stephen Vinson's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendants Victor Eng and Igor Bondarenko can be found within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff Stephen Vinson is a citizen of the Untied States who resides in the County of Kings, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8.  At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant Victor Eng is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Victor Eng was acting within the scope of his employment by defendant The City of New York.

11. Defendant Igor Bondarenko is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Igor Bondarenko was acting within the scope of his employment by defendant The City of New York.

13. Defendants "John Doe" #1 - 3 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

14. At all times relevant herein, defendants "John Doe" #1 - 3 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

15. On August 11, 2014, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff Stephen Vinson served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

16. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

17.  Plaintiff incorporates by reference paragraphs 1 through 16 of this complaint as though the same were set forth fully herein.

18.  On December 22, 2013, plaintiff Stephen Vinson was lawfully present on a sidewalk leading from Baltic Street into the Gowanus Houses in the County of Kings, City and State of New York.

19.  On December 22, 2013, on a sidewalk leading from Baltic Street into the Gowanus Houses, in the County of Kings, City and State of New York, plaintiff Stephen Vinson was the victim of a robbery in which he sustained gunshot wounds to his chest and groin.

20.  On December 22, 2013, after sustaining gunshot wounds to his body, plaintiff Stephen Vinson was transported to Lutheran Medical Center, where he was admitted for treatment of his wounds.

21.  On December 22, 2013, following the admission of plaintiff Stephen Vinson to Lutheran Medical Center, defendants Victor Eng and "John Doe" #1 arrested the plaintiff on charges of Criminal Possession of a Controlled Substance in the Seventh Degree and Criminal Trespass in the Third Degree.

22.  Plaintiff Stephen Vinson was not in possession of any controlled substance.

23.  Plaintiff Stephen Vinson was not trespassing on any premises.

24.  Defendants Victor Eng and "John Doe" #1 did not have a warrant or other legal process directing or authorizing the arrest of plaintiff Stephen Vinson.

25.  Upon information and belief, defendants Victor Eng and "John Doe" # 1 - 3 were assigned to guard plaintiff Stephen Vinson during the time that plaintiff Stephen Vinson was a patient at Lutheran Medical Center.

26.  While a patient in Lutheran Medical Center, plaintiff Stephen Vinson underwent surgery for the injuries he sustained as a result of the gunshot wounds.

27.  As a result of the arrest by defendants Victor Eng and "John Doe", plaintiff Stephen Vinson was handcuffed and shackled to his bed and in police custody during the entire time that he was a patient in Lutheran Medical Center.

28.  During the period of time plaintiff Stephen Vinson was a patient at Lutheran Medical Center, defendants Victor Eng, and "John Doe" #1 - 3 refused to remove the handcuffs and shackles from plaintiff Stephen Vinson to facilitate surgery or to permit proper physical therapy.

29.  Defendants Victor Eng and "John Doe" #1 - 3 refused to remove the handcuffs and shackles to permit plaintiff Stephen Vinson to go to the bathroom until a physician insisted that the plaintiff be permitted to use that facility, and then still refused to remove the shackles from the plaintiff's legs.

30.  On information and belief, on December 22, 2013, defendant Victor Eng falsely informed an assistant district attorney in the office of the Kings County District Attorney that he had observed defendant Stephen Vinson in possession of a plastic bag containing crack cocaine.

31.  On information and belief, on December 22, 2013, defendant Victor Eng falsely informed defendant Igor Bondarenko that he had observed defendant Stephen Vinson in possession of a plastic bag containing crack cocaine.

32.  On information and belief, on December 22, 2013, defendant Igor Bondarenko, acting at the request and on behalf of defendant Victor Eng, instituted a criminal proceeding against plaintiff Stephen Vinson in the Criminal Court of the City of New York, County of Kings, under docket No. 2014KN000375, accusing the plaintiff of the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

33. On January 3, 2014, plaintiff Stephen Vinson was discharged from Lutheran Medical Center.

34. Plaintiff Stephen Vinson was not arraigned on the criminal charge between his arrest on December 22, 2013 and his discharge from Lutheran Medical Center on January 3, 2014.

35. Immediately following his discharge from Lutheran Medical Center, plaintiff Stephen Vinson was transported to Brooklyn Central Booking, where he was imprisoned.

36. On January 3, 2014, plaintiff Stephen Vinson was arraigned before a judge of the Criminal Court of the City of New York, County of Kings, and released in his own recognizance.

37. On August 5, 2014, the charge against plaintiff Stephen Vinson was dismissed on motion of the District Attorney.

**COUNT ONE**
**FALSE IMPRISONMENT UNDER 42 U.S.C. §1983**

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though the same were set forth fully herein.

39. The seizure, arrest and imprisonment of plaintiff Stephen Vinson on December 22, 2013, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

40. The charges upon which defendants Victor Eng and "John Doe" #1 arrested plaintiff Stephen Vinson were false.

41. The charges were made by defendants Victor Eng and "John Doe" #1 against plaintiff Stephen Vinson with knowledge that they were false.

42. Plaintiff Stephen Vinson was aware of his seizure, arrest and imprisonment by defendants Victor Eng and "John Doe" #1.

43.  Plaintiff Stephen Vinson did not consent to his seizure, arrest or imprisonment.

44.  As a result of the foregoing, plaintiff Stephen Vinson was deprived of his liberty, was imprisoned, was handcuffed and shackled to a hospital bed, was deprived of proper and complete physical therapy treatment, and suffered emotional and physical distress, embarrassment and humiliation.

45.  The seizure, arrest and imprisonment of plaintiff Stephen Vinson by defendants Victor Eng and "John Doe" #1 on December 22, 2013, deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

46.  Defendants Victor Eng and "John Doe" #1 were acting under color of state law when they seized, arrested and imprisoned plaintiff Stephen Vinson.

47.  Defendants Victor Eng and "John Doe" #1 deprived plaintiff Stephen Vinson of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Stephen Vinson on false criminal charges.

## COUNT TWO
## DELAY IN ARRAIGNMENT UNDER 42 U.S.C. 1983

48.  Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. Defendants Victor Eng, Igor Bondarenko and/or "John Doe" #1 had a duty to bring plaintiff Stephen Vinson before a local criminal court for arraignment without unnecessary delay.

50. Defendants Victor Eng, Igor Bondarenko and "John Doe" #1 failed to provide plaintiff Stephen Vinson with an arraignment in Lutheran Medical Center.

51. By failing to provide plaintiff Stephen Vinson with a hospital arraignment in Lutheran Medical Center, defendants Victor Eng, Igor Bondarenko and "John Doe" #1 deprived the plaintiff of his right to a speedy arraignment.

52. As a result of the foregoing, plaintiff Stephen Vinson was unnecessarily handcuffed and shackled to a hospital bed for an extended period of time.

53. Plaintiff Stephen Vinson was aware of his extended imprisonment by defendants Victor Eng, Igor Bondarenko and "John Doe" #1.

54. Plaintiff Stephen Vinson did not consent to his imprisonment.

55. As a result of the foregoing, plaintiff Stephen Vinson was deprived of his liberty, was imprisoned, handcuffed and shackled to a hospital bed for an extended period of time, and was subjected to physical and mental distress.

56. The extended imprisonment of plaintiff Stephen Vinson without prompt arraignment by defendants Victor Eng, Igor Bondarenko and "John Doe" #1 deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

57. The extended imprisonment of plaintiff Stephen Vinson without prompt arraignment by defendants Victor Eng, Igor Bondarenko and "John Doe" #1 deprived the plaintiff of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

58.  Defendants Victor Eng, Igor Bondarenko and "John Doe" #1 were acting under color of state law when they imprisoned plaintiff Stephen Vinson for an extended period of time without providing the plaintiff with a hospital arraignment without unnecessary delay.

59.  Defendants Vincent Eng, Igor Bondarenko and "John Doe" #1 deprived plaintiff Stephen Vinson of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by imprisoning plaintiff Stephen Vinson without providing for a prompt hospital arraignment.

### COUNT THREE
### UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

60.  Plaintiff incorporates by reference paragraphs 1 through 59 of this Complaint as though the same were set forth fully herein.

61.  Defendants Victor Eng and "John Doe" #1 -3 knew that plaintiff Stephen Vinson had undergone surgery for gunshot wounds on December 22, 2013.

62.  Defendants Victor Eng and "John Doe" #1 - 3 deprived plaintiff Stephen Vinson of proper medical treatment, to wit, appropriate physical therapy, and hindered surgery by handcuffing and shackling the plaintiff to a hospital bed after arresting him on false criminal charges and refusing to remove the handcuffs and shackles to facilitate surgery and to permit physical therapy.

63.  Defendants Victor Eng and "John Doe" #1 - 3 disregarded a risk of harm to plaintiff Stephen Vinson from lack of proper medical treatment of which they were aware.

64.  Defendants Victor Eng and "John Doe" #1 - 3 deprived plaintiff Stephen Vinson of his right to be secure in his person against unreasonable seizures guaranteed by the Fourth

Amendment of the Constitution of the United States by denying the plaintiff medical treatment by restraining him to a hospital bed and refusing to remove handcuffs and shackles which confined the plaintiff to the hospital bed to facilitate surgery and to permit proper physical therapy.

65. Defendants Victor Eng and "John Doe" #1 - 3 were acting under color of state law when they denied plaintiff Stephen Vinson access to proper medical treatment by handcuffing and shackling him to a hospital bed after arresting him on false criminal charges and refusing to remove the handcuffs and shackles to facilitate surgery and to permit him to undergo physical therapy.

66. Defendants Victor Eng and "John Doe" #1 - 3 deprived plaintiff Stephen Vinson of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by handcuffing and shackling the plaintiff to a hospital bed and refusing to remove the handcuffs and shackles to facilitate surgery and to permit proper physical therapy.

**COUNT FOUR**
**DENIAL OF DUE PROCESS UNDER 42 U.S.C. §1983**

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. Defendants Victor Eng and "John Doe" #1 - 3 disregarded a risk of harm to plaintiff Stephen Vinson from lack of proper medical treatment of which they were aware.

69. Defendants Victor Eng and "John Doe" #1 - 3 acted with deliberate indifference to plaintiff Stephen Vinson's physical condition.

70. Defendants Victor Eng and "John Doe" #1 - 3 deprived plaintiff Stephen Vinson of his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States by denying the plaintiff medical treatment by refusing to remove the handcuffs and

shackles which confined the plaintiff to a hospital bed to facilitate surgery and to permit proper physical therapy.

71.   Defendants Victor Eng and "John Doe" #1 - 3 were acting under color of state law when they denied plaintiff Stephen Vinson access to medical treatment by handcuffing and shackling him to a hospital bed after arresting him on false criminal charges and refusing to remove the handcuffs and shackles to facilitate surgery and to permit him to undergo physical therapy.

72.   Defendants Victor Eng and "John Doe" #1 - 3 deprived plaintiff Stephen Vinson of his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by handcuffing and shackling the plaintiff to a hospital bed and refusing to remove the handcuffs and shackles to facilitate surgery and to permit proper physical therapy.

## COUNT FIVE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

73.   Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74.   The criminal charge brought by defendants Victor Eng and Igor Bondarenko against plaintiff Stephen Vinson in the Criminal Court of the City of New York, County of Kings, was false.

75.   Defendants Victor Eng and Igor Bondarenko instituted the criminal proceeding against plaintiff Stephen Vinson with knowledge that the charge was false.

76.   Defendants Victor Eng and Igor Bondarenko instituted the criminal proceeding against plaintiff Stephen Vinson without probable cause to believe that plaintiff Stephen Vinson had committed the crime charged.

77.  Defendants Victor Eng and Igor Bondarenko were acting with malice when they commenced the criminal proceeding against plaintiff Stephen Vinson.

78.  The criminal proceeding instituted by defendants Victor Eng and Igor Bondarenko against plaintiff Stephen Vinson was terminated in plaintiff Stephen Vinson's favor.

79.  Defendant Victor Eng was acting under color of state law when he falsely informed an assistant district attorney in the office of the Kings County District Attorney that he had observed defendant Stephen Vinson in possession of a plastic bag containing crack cocaine.

80.  Defendant Victor Eng was acting under color of state law when he falsely informed defendant Igor Bondarenko that he had observed defendant Stephen Vinson in possession of a plastic bag containing crack cocaine.

81.  Defendant Victor Eng was acting under color of state law when he requested defendant Igor Bondarenko to institute a criminal proceeding against plaintiff Stephen Vinson in the Criminal Court of the City of New York, County of Kings, accusing the plaintiff of the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

82.  Defendants Victor Eng and Igor Bondarenko were acting under color of state law when they commenced a criminal proceeding against plaintiff Stephen Vinson in the Criminal Court of the City of New York, County of Kings, accusing the plaintiff of the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

83.  Defendants Victor Eng and Igor Bondarenko deprived plaintiff Stephen Vinson of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against the plaintiff on false criminal charges

84. As a result of the criminal proceeding instituted by defendants Victor Eng and Igor Bondarenko, plaintiff Stephen Vinson suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. The acts complained of were carried out by defendants Victor Eng, Igor Bondarenko, and "John Doe" #1 - 3 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

87. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons without probable cause in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

88. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

89. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

90. The arrest and imprisonment of plaintiff Stephen Vinson on December 22, 2013 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

91. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

92. Defendant The City of New York deprived plaintiff Stephen Vinson of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

93.   Plaintiff incorporates by reference paragraphs 1 through 92 of this Complaint as though the same were set forth fully herein.

94.   Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Victor Eng, Igor Bondarenko, and "John Doe" #1 - 3 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

95.   Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

96.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

97.   Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

98.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Stephen Vinson would be violated.

99.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Stephen Vinson.

100.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

101.  Defendant The City of New York deprived plaintiff Stephen Vinson of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest, hospital confinement in handcuffs and shackles, and prosecution of plaintiff Stephen Vinson on December 22, 2013.

102.  The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT EIGHT
## COMMON LAW MALICIOUS PROSECUTION

103.  Plaintiff incorporates by reference paragraphs 1 through 102 this Complaint as though the same were set forth fully herein.

104.  Defendants Victor Eng, Igor Bondarenko and The City of New York maliciously prosecuted  plaintiff Stephen Vinson on a false charge of Criminal Possession of a Controlled Substance in the Seventh Degree.

105.  As a result of the criminal proceeding instituted by defendants Victor Eng, Igor Bondarenko and The City of New York, plaintiff Stephen Vinson was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Stephen Vinson respectfully requests that this Court grant the following relief:

A.  Award plaintiff Stephen Vinson compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Stephen Vinson  punitive damages to be determined by the jury at the time of trial;

C.  Award plaintiff Stephen Vinson reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       March 18, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
       Steven D. Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1300
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880