# MICHELSTEIN & ASSOCIATES PLLC

ATTORNEYS AT LAW
485 MADISON AVENUE, SUITE 1300
NEW YORK, NEW YORK 10022

TEL NO. (212) 588-0880
FAX NO. (212) 588-0811

May 5, 2016

**_BY ECF_**
Honorable Ramon E. Reyes, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Stephen Vinson v. The City of New York, Victor Eng, Igor Bondarenko, and "John Doe" #1-3
              15CV1452(ILG)(RER)

Your Honor:

      I am associated with the firm of Michelstein & Associates, PLLC, attorneys for the plaintiff in the captioned matter. I am writing (1) in response to two entries made in the docket of the captioned matter on May 3, 2016 concerning a telephone call to chambers by defense counsel Deborah L. Mbabazi and rescheduling a conference scheduled for the following day, and (2) to request that the defendants be compelled to disclose certain information and documents requested by the plaintiff..

### (1) Ms. Mbabazi's *Ex Parte* Application to Reschedule the May 4 Conference

      Ms. Mbabazi neither consulted me about requesting a postponement of the conference nor informed me that she would be making an *ex parte* telephone call to chambers. Had Ms. Mbabazi asked, I would have advised her that I opposed rescheduling the conference because we have not satisfactorily resolved discovery issues. Had I wished to have the conference rescheduled, I would have included such a request in my April 13, 2016 letter requesting an extension of the discovery deadline. Although the Notice directed Ms. Mbabazi to consult with plaintiff's counsel and to submit a letter motion to adjourn the conference, she did neither. I was therefore surprised to receive notice of a subsequent docket entry in which Your Honor rescheduled the conference.

### (2) Unresolved Discovery Issues

      Plaintiff Stephen Vinson seeks damages pursuant to 42 U.S.C. §1983 based on false imprisonment, substantial delay in arraignment, unreasonable seizure, denial of due process and malicious prosecution. The core of the plaintiff's Complaint is his imprisonment on a false misdemeanor charge of Possession of a Controlled Substance while hospitalized at Lutheran Medical Center from December 22, 2013 to January 3, 2014 for the treatment of gunshot wounds

Honorable Ramon E. Reyes, Jr.                    - 2 -                              May 5, 2016

sustained when he was the victim of a robbery. Among his claims is the contention that the defendants violated his Fourth Amendment rights by failing to arrange a timely arraignment in the hospital. (Mr. Vinson was released on his own recognizance when he was arraigned in Criminal Court on January 3 after being released from the hospital.) Procedures in the New York City Police Department's Patrol Guide require the Desk Officers of the precinct of arrest and the precinct of detention, the patrol supervisor, and an officer identified as the Borough Court Section Supervisor to perform certain functions to secure the arraignment of a hospitalized prisoner. Those procedures also require communications between the guarding officers and the Desk Officers. (A copy of the Patrol Guide procedures for Hospitalized Prisoners is attached hereto as Exhibit A; a copy of the Patrol Guide procedures for Bedside Arraignment is attached hereto as Exhibit B.)

On February 18, 2016, the plaintiff served Interrogatories (Exhibit C) and a Request for Production of Documents (Exhibit D) on counsel for the defendants. Among the information and documents requested were the identities of the Borough Court Section Supervisor for the Borough of Brooklyn, the relevant precinct Desk Officers, and communications between those officials relating to the condition and arraignment of the plaintiff.

The defendants forwarded their responses on April 11, 2016 – almost two months after service of the Interrogatories and the Request for Production of Documents. In their responses the defendants declined to provide some relevant information, including the identities of the Borough Court Section Supervisor and the Desk Officers of the precincts of arrest and confinement, and claimed they do not possess some documents which the plaintiff had requested, such as communications between the precinct desk officers and the Borough Court Section Supervisor. A copy of the defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Things is attached hereto as Exhibit E. (Documents attached to the Responses have been omitted.) The defendants have also indicated, in their responses, that they are searching for other documents requested by the plaintiff. To date, none of those "searched for" documents has been produced. The Court should note that a response to the effect that " . . . the defendants are not in possession of any documents ..." is not the same as stating that the documents do not exist.

On April 13, 2016, I spoke to Ms. Mbabazi at length in an effort to resolve the issues concerning production of the requested information and documents. I followed up our conversation with an e-mail (Exhibit F) outlining my understanding of the results of our conversation and asking her to inform me of any errors in my understanding. I have never received a response to that e-mail. On April 28, 2016, I forwarded an e-mail (Exhibit G) to Ms. Mbabazi addressing discovery subjects and asking when she expected to exchange the information and documents addressed in my e-mail of April 13. Her response (Exhibit H) addressed only dates of the defendants' depositions.

Honorable Ramon E. Reyes, Jr.          - 3 -                    May 5, 2016

The identities of the New York City Police Department personnel responsible for arranging the arraignment of plaintiff Stephen Vinson and the communications between them about his condition and arraignment are relevant to the plaintiff's claims and therefore subject to disclosure under F.R.C.P. Rule 26(b)(1).

Consequently, the plaintiff requests that the defendants be directed to provide the following:

1. The identity of the patrol supervisor, if any, who responded to Lutheran Medical Center on December 22, 2013 with respect to the arrest of the plaintiff;

2. The identity of the Borough Court Section Supervisor for the borough of Brooklyn from December, 2013 and January, 2014;

3. The identities of the desk officers for the 72nd and 76th Precincts during the period plaintiff Stephen.Vinson was in Lutheran Medical Center;

4. All communications between the police officers who guarded plaintiff Stephen Vinson in Lutheran Medical Center and the desk officers of the 72nd and 76th Precincts;

5. All documents relating to plaintiff Stephen Vinson prepared by the Brooklyn Borough Court Section; .

6. Memo book entries of the police officers who guarded the plaintiff in Lutheran Hospital;

7. 911 recordings and Sprint reports regarding the robbery of the plaintiff and the responding police officers; and

8. Recordings of audio communications between police personnel regarding the robbery and the arrest of the plaintiff and Sprint reports of those recordings..

Respectfully submitted,

*Eugene M. Bellin*

Eugene M. Bellin

EMB:b
cc: Deborah L. Mbabazi, Esq. (by ECF & e-mail)