# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STEPHEN VINSON,

                         Plaintiff,

- against -

THE CITY OF NEW YORK, VICTOR ENG,
IGOR BONDARENKO, and "JOHN DOE"
# 1 - 3, in Their Individual Capacities and in
Their Official Capacities,

                        Defendants
-------------------------------------------------------------x

15CV1452(ILG)(RER)

PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS AND THINGS

      Plaintiff Stephen Vinson requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that defendants The City of New York, Victor Eng and Igor Bondarenko produce for inspection and copying the documents and things described in the following requests which are within their possession, custody or control at the office of Michelstein & Associates, PLLC, 485 Madison Avenue, Suite 1300, New York, New York 10022, within thirty (30) days from the date of service hereof.

## DEFINITIONS

      For purposes of this Request for Production of Documents, the following definitions shall apply:

      1. "The City of New York." shall mean The City of New York, its officials, employees, and agents.

      2. "Person" shall mean any natural person, or any business, legal or governmental entity or association.

3. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

4. "Document" shall mean and include all writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations from which information can be obtained, including, without limitation, electronically stored information.

5. "Concerning" means relating to, referring to, describing, evidencing or constituting.

6. "Employee" refers to any person, including but not limited to, all officials, executives, managers, supervisors, professionals, hourly and salaried personnel, who were employed on a full or part-time basis and on a temporary or permanent basis.

7. "Video recording" means any pictorial depiction recorded on film, tape, digital disc, hard drive or other electronic medium.

## INSTRUCTIONS

1. All documents for which a privilege is claimed shall be marked, identified, segregated, and retained intact by The City of New York, Victor Eng and Igor Bondarenko subject to and pending a ruling by the United States District Court for the Eastern District of New York as to the claimed privilege.

2. The number of the specific request of this First Request for the Production of Documents and Things shall be indicated on each document or thing produced.

3. The City of New York, Victor Eng and Igor Bondarenko are under a continuing duty to promptly supplement their response to this Request for the Production of Documents and Things

## DOCUMENTS AND THINGS REQUESTED

1. The warrant or other legal process pursuant to which plaintiff Stephen Vinson was arrested on September 14, 2013. If no warrant existed, so state.

2. A duplicate original color copy of the arrest photograph of plaintiff Stephen Vinson.

3. All Unusual Occurrence reports prepared in connection with the arrest of plaintiff Stephen Vinson and/or the circumstances forming the basis of the charges for which he was arrested on December 22, 2013.

4. All pages of the Command Log/Desk Blotter and the Prisoner Log of the 76th Precinct for December 22, 2013 to January 3, 2014 containing entries concerning plaintiff Stephen Vinson.

5. All communications between desk officers of the 76th Precinct and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

6. All communications between desk officers of the PSA1 Precinct and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

7. All communications between desk officers of the precinct of hospitalization of Stephen Vinson and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

8. All communications between desk officers of the precinct of detention of Stephen Vinson and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

9. All memo book entries made by all police officers guarding plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

10. All communications between police officers guarding plaintiff Stephen Vinson in Lutheran Medical Center and the desk officer(s) of the precinct of arrest between December 22, 2013 and January 3, 2014.

11. All communications between police officers guarding plaintiff Stephen Vinson in Lutheran Medical Center and the desk officer(s) of the precinct of hospitalization.

12. All documents prepared by the staff members of the borough court section of the Borough of Brooklyn concerning Stephen Vinson between December 22, 2013 and January 3, 2014.

13. All photographs taken and video recordings made of the location of the arrest of plaintiff Stephen Vinson on December 22, 2013.

14. All 911 recordings on the night of December 22, 2013 concerning 414 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff was shot..

15. All sprint reports of 911 calls on the night of December 22, 2013 concerning 414 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff was shot.

16. All audio communications between police personnel on the night of December 22, 2013, concerning 414 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff was shot.

17. All sprint reports of audio communications between police personnel on the night of December 22, 2013, concerning West 414 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff was shot..

18. All documents contained in the N.Y.P.D. Personnel File for defendant Victor Eng.

19. All documents concerning investigations by the Civilian Complaint Review Board of complaints about defendant Victor Eng involving misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Victor Eng and other police officers; and (3) the dispositions of those complaints.

20. All documents concerning investigations of defendant Victor Eng by the Internal Affairs Bureau of the New York City Police Department for misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Bradley Kucyk and other police officers; and (3) the dispositions of those complaints.

21. All documents contained in the N.Y.P.D. Personnel File for defendant Igor Bondarenko.

22. All documents concerning investigations by the Civilian Complaint Review Board of complaints about defendant Igor Bondarenko involving misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Igor Bondarenko and other police officers; and (3) the dispositions of those complaints.

23. All documents concerning investigations of defendant Igor Bondarenko by the Internal Affairs Bureau of the New York City Police Department for misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Angel Velez and other police officers; and (3) the dispositions of those complaints.

Dated: New York, New York
February 18, 2016

MICHELSTEIN & ASSOCIATES, PLLC

By: *Eugene M. Bellin*
Eugene M. Bellin (EB0722)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1300
New York, New York 10022
(212) 588-0880

To:    Deborah L. Mbabazi, Esq.
Zachary W. Carter, Esq.
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 3-187
New York, New York 10007

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on February 18, 2016, I served a true and correct copy of Plaintiffs' First Request for Production of Documents and Things by mailing the copy enclosed in a properly addressed, postage paid first class wrapper through the United States Postal Service, on the following attorneys of record:

> Deborah L. Mbabazi, Esq.
> Zachary W. Carter, Esq.
> Corporation Counsel of the City of New York
> 100 Church Street, Room 3-187
> New York, New York 10007

Dated: February 18, 2016

_____
Eugene M. Bellin